1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | SILVIA ORZCO,

CASE NO. 16cv384-LAB (NLS)

12                                  Plaintiff,

**ORDER DENYING AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**

13     vs.

14 | RAYMOND ESCALANTE, et al.

**ORDER OF REMAND**

15                              Defendants.

16

17       Defendant Raymond Escalante, proceeding *pro se,* removed this unlawful detainer

18 action from the Superior Court of the County of San Diego, North County Division.  He filed

19 a motion for leave to proceed *in forma pauperis*, giving only his own financial information.

20 Neither of the other two Defendants joined in the removal.

21       A district court must examine notices of removal and remand actions if the Court lacks

22 jurisdiction. 28 U.S.C. § 1447(c); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc*.,

23 159 F.3d 1209, 1211 (9th Cir. 1998).

24       The notice of removal admits diversity jurisdiction is lacking. Because the complaint

25 for unlawful detainer arises under state law, it appears federal question jurisdiction is lacking

26 as well.  Escalante does raise federal defenses or counterclaims, but counterclaims and

27 defenses do not create federal question jurisdiction.  *See Vaden v. Discover Bank*, 556 U.S.

28 49, 59 (2009).

16cv384

1       Instead, Escalante relies on 28 U.S.C. § 1443, alleging unfair treatment by the state

2  courts against him and other minority litigants in unlawful detainer actions.  The Supreme

3  Court has articulated a two-part test for examining actions removed under § 1443.  First, the

4  removing party must assert, as a defense, rights given to him by explicit statutory enactment

5  protecting equal racial civil rights.  *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir.

6  2006) (citing Supreme Court and Ninth Circuit authority).  Escalante has not done this.

7  Instead, he points to his rights under the U.S. Constitution and statutes protecting

8  homeowners generally.  He also names some federal civil rights statutes without claiming

9  they apply in his case or attempting to show how they would provide him a defense.

10       Second, the removing party must assert that state courts will not enforce that right,

11  and support that allegation by reference to a state statute or a constitutional provision

12  purporting to command the state courts to ignore the federal rights.  *Id*.  Escalante has not

13  done this either.

14       Instead, Escalante appears to acknowledge that the Supreme Court's decisions forbid

15  removal of his case, and asks this Court to re-evaluate and overrule those decisions.  (Notice

16  of Removal at 14:1–9.)  The Court lacks the power to do that.

17       In short, jurisdiction is lacking and this case must be remanded.  Because neither of

18  the other Defendants filed motions to proceed *in forma pauperis*, it is unclear whether the

19  other two might be able to pay the filing fee.  In any event, the motion to proceed *in forma*

20  *pauperis* is **DENIED AS MOOT**.  This action is **ORDERED** remanded to the Superior Court

21  of the State of California for the County of San Diego, North County Division.

22       The Court certifies that any appeal from this order would <u>not</u> be taken in good faith.

23       **IT IS SO ORDERED**.

24  DATED:  February 18, 2016

25

26  **HONORABLE LARRY ALAN BURNS**
United States District Judge

27

28